STOKER, Judge.
MOTION FOR INTERVENTION
Marion White, plaintiff’s former attorney, seeks to intervene in the above captioned appeal in order to recover the payment of attorney’s fees, the costs expended in preparing this case for trial, and all funds advanced to plaintiff during the period of his attorney client relationship. We deny Mr. White’s request for intervention for lack of jurisdiction.
This suit involves a worker’s compensation claim for total and permanent disability. A trial on the merits occurred on October 28, 1988. Mr. White represented the plaintiff. On February 21, 1989, judgment was rendered in favor of the plaintiff for temporary disability benefits, penalties and attorney’s fees. On March 16, 1989, defendant filed a motion for a suspensive appeal. On March 27, 1989, the plaintiff filed a Motion to Discharge Attorney removing Mr. White as counsel of record. A hearing on this motion was fixed for April 7, 1989. On April 4, 1989, Mr. White filed a Motion and Order to be Relieved as Counsel of Record. On May 1, 1989, Mr. White filed a Petition for Intervention with district court. The record does not reveal whether a hearing has been held concerning the Petition for Intervention.
This record was lodged with this Court on May 8, 1989. On April 10, 1990, Mr. White filed an application to intervene with this Court alleging that a copy of his Petition for Intervention had not been filed in the. record. Mr. White, mover for this Court asked this Court to allow him to intervene in the appellate proceedings and to have his attorney’s fee, costs expended in preparing the case and funds advanced to his former client considered by this Court and awarded to mover.
In Rossitto v. Jinks (La.App. 3rd Cir. 1990) our docket No. 89-929 (motion denied April 3, 1990) this Court denied mover’s request for intervention for the following reasons:
Pursuant to Art. 5 § 10 of the Louisiana Constitution, a court of appeal has appel *916 late jurisdiction over all civil matters decided within its circuit. District courts have original jurisdiction of all civil matters within their territorial jurisdiction. Louisiana Constitutional Art. 5 § 16. A civil action, such as a petition of intervention, must be commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. C.C.P. Art. 421.
In the present case, the district court has not decided the issue of whether Shelter is entitled to intervene or whether Shelter has a right to recover the benefits paid to plaintiffs. These matters are not reviewable under the appeal filed by plaintiffs and must be commenced by the filing of a demand in a court of competent jurisdiction.
For these reasons Shelter’s motion to file its Petition of Intervention in the appeal pending in this appellate court is denied.
In the present case mover originally filed his Petition for Intervention with district court. This Court is unable to determine from the appellate record whether the district court has ruled upon that petition. However, that matter is not reviewable under the appeal filed by defendant, therefore Mr. White’s motion to file his Petition of Intervention in the appeal pending in this Court is hereby denied.
MOTION DENIED.